UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Johanna MacArthur,<br><br>    Plaintiff,<br>v.<br><br>Northstar Location Services, LLC; and<br>DOES 1-10, inclusive,<br><br>    Defendant. | Civil Action No.: _____<br><br><br><br>COMPLAINT |

For this Complaint, the Plaintiff, Johanna MacArthur, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Johanna MacArthur ("Plaintiff"), is an adult individual residing in Charlotte, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Northstar Location Services, LLC ("Northstar"), is a New York

1

business entity with an address of 4285 Genesee Street, Cheektowaga, New York 14225, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Northstar and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Northstar at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation in the approximate amount of $22,000.00 (the "Debt") to Bank of America (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Northstar for collection, or Northstar was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Northstar Engages in Harassment and Abusive Tactics

12. Northstar called the Plaintiff three (3) times per day for over three (3) months.

13. Northstar was rude and abusive when speaking with the Plaintiff.

14. Northstar stated the Plaintiff was "the reason the economy is in recession."

15. The Plaintiff offered to pay Northstar $20.00 a month, as that is all she can afford. Northstar responded stating "let me speak very slowly so you will understand. We will not accept $20.00. Pay the full amount now."

16. Northstar implied they were lawyers, calling from Bank of America's pre-legal department.

17. Northstar stated they were collecting the Debt on behalf of Bank of America.

18. Northstar stated they would return the Debt to Bank of America if the Debt was not paid.

19. The Plaintiff spoke with Bank of America and was informed the Debt was sold to Northstar, and Northstar was not collecting on behalf of Bank of America.

20. Northstar threatened to place a lien on the Plaintiff's house if the Debt was not immediately paid. To date, no such action has occurred.

21. Northstar threatened to file legal action against the Plaintiff if the Debt was not paid by April 1, 2010. To date, no such action has been filed.

22. The Plaintiff requested Northstar send a letter stating the amount of the Debt and to whom the Debt was incurred.

23. On March 28, 2010, Northstar agreed to send the Letter to the Plaintiff.

24. The Plaintiff received the letter in April 9, 2010.

25. The letter was dated March 4, 2010.

## C. Plaintiff Suffered Actual Damages

26. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

27. As a direct consequence of the Defendants' acts, practices and conduct, the

Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

28. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

31. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692e(3) in that Defendants misled the Plaintiff into believing the communication was from a law firm or an attorney.

34. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with seizure of his property if the Debt was not paid.

35. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

36. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

4

37. The Defendants' conduct violated 15 U.S.C. § 1692e(14) in that Defendants used a name other than the true name of the debt collection agency.

38. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

39. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

40. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

41. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

42. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

43. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

44. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

46. The acts, practices and conduct engaged in by the Defendants vis-à-vis the

Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

47. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of New York.

48. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## COUNT III
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

49. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

50. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

51. The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

52. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

53. By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## COUNT IV
## COMMON LAW FRAUD

54.   The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55.   The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of New York.

56.   The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.   Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.   Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.   Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

4.   Against the named the Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a)(3);

5. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

6. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 29, 2010

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
300 International Drive, Suite 100
Williamsville, NY 14221
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiff